Filed 10/7/25  P. v. Huerta CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>IVAN LUNA HUERTA,<br><br>   Defendant and Appellant. | F088208<br><br>(Super. Ct. No. VCF289067)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Franson, J.

**INTRODUCTION**

In November 2015, defendant Ivan Luna Huerta pleaded no contest to attempted murder and admitted that he personally and intentionally discharged a firearm, personally inflicted great bodily injury, and the offense was committed for the benefit of a criminal street gang. The trial court sentenced defendant to a term of 16 years in prison.

In December 2023, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The superior court dismissed the petition at the prima facie stage, without an evidentiary hearing, after accepting the prosecutor's argument and defense counsel's concession that defendant did not qualify for relief because defendant admitted that he acted with "malice aforethought" in pleading no contest to attempted murder. Defendant argues that the trial court erred in concluding that this admission established that he intended to kill as a matter of law and, therefore, was ineligible for resentencing relief. The People concede that the trial court erred.

We accept the People's concession and reverse.

**PROCEDURAL AND FACTUAL HISTORY**

The District Attorney of Tulare County filed a second amended information on September 14, 2015, charging defendant with attempted murder (§§ 664, 187, subd. (a); count 1) and assault with a semiautomatic firearm (§ 245, subd. (b); counts 2, 3). It also alleged that defendant acted intentionally, deliberately, and with premeditation (§ 664, subd. (a)); personally used a firearm (§ 12022.53, subd. (b)); personally discharged a firearm (*id.*, subd. (c)) causing great bodily injury (*id.*, subd. (d)); and was vicariously liable for another principal participant's discharge of a firearm during a gang-related crime (*id.*, subds. (c), (d), (e)) as to count 1. It further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)); personally used a firearm (§ 12022.5); committed the crimes to benefit a criminal street gang (former § 186.22, subd. (b)(1)(C));

---

[1] Undesignated statutory references are to the Penal Code.

2.

and was a minor who was at least 14 years old at the time of the offenses (Welf. & Inst. Code, former § 707, subds. (b), (d)) as to all counts.[2]

After two trials in which the jury was unable to reach a verdict, the parties reached an agreed disposition of the case on November 20, 2015. The trial court granted the prosecution's motion to amend the second amended information to strike the allegation as to premeditation, and defendant agreed to plead no contest to attempted murder as charged in count 1 and admit allegations that he personally used a firearm (§ 12022.5), inflicted great bodily injury (§ 12022.7), and committed the offense to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). In exchange, the prosecution agreed that defendant would be sentenced to a total term of 16 years in state prison and to dismiss the remaining charges and allegations. The parties agreed to a factual basis for the plea based upon the trials and the preliminary hearing transcript. The court then asked, "So starting with Count 1 as amended, how do you plead to that on or about September 25th, 2013, . . . that the crime of attempted murder . . . was committed by you, . . . that you unlawfully and with malice aforethought attempted to murder NM, a human being. [¶] How do you plead to that?" Defendant replied, "No contest," and counsel stated, "Pursuant to People versus West,[3] your Honor." Defendant also admitted the special allegations as agreed.

The trial court sentenced defendant to the agreed-upon prison term of 16 years on December 22, 2015, and further ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $4,800 restitution fine (§ 1202.4, subd. (b)), a suspended $4,800 parole

---

[2] At that time, Welfare and Institutions Code former section 707, subdivision (d) conferred "upon prosecutors the discretion to bring specified charges against certain minors directly in criminal court, without a prior adjudication by the juvenile court that the minor is unfit for a disposition under the juvenile court law." (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 545.)

[3] *People v. West* (1970) 3 Cal.3d 595.

revocation restitution fine (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

On December 21, 2023, defendant filed a petition for resentencing pursuant to section 1172.6, alleging that he accepted a plea offer in lieu of a trial in which he could not have been convicted of attempted murder because of changes made to sections 188 and 189 and requesting counsel be appointed for him. The trial court appointed counsel for defendant as requested. The prosecutor opposed defendant's petition and argued that because defendant had admitted that he committed attempted murder with "malice aforethought," he was ineligible for resentencing as a matter of law. After defense counsel conceded that defendant was not eligible for resentencing, the trial court denied defendant's motion on April 11, 2024, adopting the prosecution's argument and finding that defendant failed to make a prima facie showing that he was entitled to relief.

On June 17, 2024, defendant filed a notice of appeal that, upon his application for such relief, we deemed had been timely filed and taken from the trial court's April 11, 2024 order denying his resentencing petition. (See Cal. Rules of Court, rule 8.304(a)(4).)

### FACTS[4]

On September 25, 2013, N.M. was shot once in the chest across the street from a gas station. At the time of the shooting, N.M. was accompanied by his brother, Daniel M., and a friend, Fernando L. Daniel told an officer that a white Jeep had pulled up and several individuals got out. One individual announced the name of his gang, asked if Daniel was a gang banger, and then punched Daniel in the face with brass knuckles. Daniel stated that several individuals were assaulting his brother, N.M., who was a rival gang member, and defendant had a gun that he used to shoot N.M. At both the preliminary hearing and second trial in this case, Daniel testified that he did not

---

**4**      In light of the People's concession, we provide only a summary of the pertinent facts of the case from transcripts of the preliminary hearing and trial testimony.

remember anything regarding the shooting. He denied having identified defendant as the individual who shot N.M.

Fernando told the officer that several subjects got out of a white Jeep and started running towards him but then stopped when defendant yelled that Fernando "does not gang bang." Fernando testified at the preliminary hearing that he did not remember the shooting and he first saw N.M. after N.M. had already been shot. Fernando admitted, however, that he had previously identified defendant from a photographic lineup as the individual who shot N.M. At trial, Fernando testified that he saw N.M. get shot, but he did not remember identifying defendant as the individual who shot N.M. Fernando had told officers that he witnessed N.M.'s shooting, and that defendant had shot N.M.

N.M. told the officer essentially the same facts as Fernando and Daniel, except that while N.M. identified defendant as having assaulted him, he did not know who actually shot him. At trial, N.M. admitted he had been shot in the chest but testified that he did not remember how it happened, denied Daniel was present, and claimed he did not know Fernando. He further testified that he did not remember making any statements to officers concerning the circumstances of the shooting and he did not want to testify. N.M. also refused to identify his initials on the photographic lineup including defendant or admit that he identified defendant as his attacker.

Officers later interviewed defendant's brother, Jose L., after they had been detained at a hospital where Jose was being treated for a gunshot wound to his hand. Jose claimed that they had been jumped by individuals while walking in the park.

The investigation revealed that only one shot had been fired, Jose did not have a bullet lodged in his hand, and a bullet was recovered from N.M. The prosecution's theory at the preliminary hearing was that the bullet that ultimately lodged in N.M. had first passed through Jose's hand and was fired from defendant's gun. Gunshot residue was found on defendant's hands just after the shooting.

**DISCUSSION**

## I. *Applicable Law and Standard of Review*

### A. **Murder/Attempted Murder**

Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which, as to the natural and probable consequences doctrine, amended section 188 by requiring that a principal in a crime act with malice aforethought before they may be convicted of murder. (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2; accord, *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, at p. 449.) In Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, the Legislature amended the language of former section 1170.95 (now § 1172.6)[5] to expand the scope of the petitioning procedure to petitioners convicted of attempted murder or manslaughter under a now prohibited theory. (Stats. 2021, ch. 551, § 2.)

### B. **Applicable Law Regarding Section 1172.6**

Senate Bill 1437 also enacted former section 1170.95, which created a procedure for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief. (*Curiel, supra*, 15 Cal.5th at p. 449.) In 2021, the Legislature amended the statute to expand the offenders eligible for resentencing to those who were convicted under any other theory where malice is imputed to a person based solely on that person's participation in a crime and included convictions for attempted murder under the natural and probable consequences doctrine, or manslaughter. (Stats. 2021, ch. 551, § 1.) The Legislature also amended section 1172.6 to codify the

---

[5] Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961–970 (*Lewis*) as to a petitioner's right to counsel and the standard for determining the existence of a prima facie case and clarified the procedure and burden of proof at the evidentiary stage of the proceedings. (Stats. 2021, ch. 551, § 1(b).)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the court must determine whether the petitioner has made a prima facie showing that they are entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Curiel, supra*, 15 Cal.5th at p. 450.) Our Supreme Court explained that a petitioner's allegation that they could not currently be convicted of a homicide offense due to the 2019 changes to section 188 or 189 "puts at issue all elements of the offense under a valid theory." (*Curiel*, at p. 462.) Therefore, a petitioner's allegation is not refuted "unless the record conclusively establishes every element of the offense." (*Id.* at p. 463.) When deciding whether a petitioner has established a prima facie case of eligibility, the court may rely on the record of conviction (*Lewis, supra*, 11 Cal.5th at p. 972) but "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id.* at p. 974).

The court's prima facie inquiry is limited but involves more than an inquiry into the petition's mere facial validity. (*People v. Patton* (2025) 17 Cal.5th 549, 562–563.) The court may rely on "unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" contained in the petition without resorting to judicial factfinding. (*Id.* at p. 564.) "[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at p. 567.) "[S]hould a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Ibid.*)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Curiel, supra*, 15 Cal.5th at p. 450.) If the trial court determines the defendant has met their prima facie burden, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1); accord, *Curiel*, at p. 450.)

### C.     Standard of Review

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

## II.     *Analysis*

The prima facie inquiry is limited, and the bar for satisfying this requirement is " 'very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) Factual allegations in the petition are taken as true, and the court is prohibited from engaging in factfinding at this preliminary stage. (*People v. Aleo* (2021) 64 Cal.App.5th 865, 871–872.) However, facts set forth by the petitioner must be sufficient to satisfy the statutory conditions for relief. Thus, as applied here, section 1172.6, subdivision (a) requires defendant to allege facts to show that (1) the operative charging document allowed the prosecution to proceed under a theory of attempted murder under a natural and probable consequences theory, (2) petitioner accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and (3) he cannot presently be convicted of attempted murder "because of" changes to section 188 or 189 made effective in 2019.

Defendant contends the trial court erred by relying on his plea of no contest to the attempted murder charge. The People agree. We agree with the parties and find that the trial court erred in relying on defendant's plea of no contest to find that he had not established his prima facie eligibility pursuant to section 1172.6.

Defendant entered a plea to attempted murder without premeditation.

Prior to the effective date of Senate Bill 1437, the natural and probable consequences doctrine was an available theory of both premeditated and unpremeditated attempted murder. (See *People v. Favor* (2012) 54 Cal.4th 868, 879–880, abrogated by statute as stated in *People v. Hin* (2025) 17 Cal.5th 401, 442.) The People were not required to separately plead an aiding and abetting, felony murder, or natural and probable consequences theory. (See *People v. Nakahara* (2003) 30 Cal.4th 705, 712 [felony murder]; *People v. Garrison* (1989) 47 Cal.3d 746, 776, fn. 12 [accusatory pleading that charges the petitioner "as a principal is sufficient to support a conviction as an aider or abettor"].) Therefore, the information establishes that defendant pleaded no contest to attempted murder at a time when the natural and probable consequences theory was still valid.

Defendant's plea also fails to establish that he acted with intent to kill. As we have stated, imputed malice was a valid theory of attempted murder at the time defendant entered his plea. Defendant's generic plea to attempted murder does not establish he was convicted under any particular theory of attempted murder, let alone a theory that remains valid after the effective date of Senate Bill 1437. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 233; *People v. Estrada* (2024) 101 Cal.App.5th 328, 338.) While some preliminary hearing testimony identified defendant as the actual killer, that testimony also indicated that other individuals were involved in the assault on N.M., and no testimony addressed whether the other attackers may have also been armed. At the October 2015 trial, which failed to result in a verdict, the jury was instructed with the now-invalid natural and probable consequences theory. Additionally, defendant's no contest plea to a charge of attempted murder, even though it included the phrase "malice aforethought," cannot be interpreted as defendant having admitted to an intent to kill because the language allowed the prosecution to proceed on any theory of murder.

As a result, we will reverse the trial court's order and remand the matter with directions to issue an order to show cause and hold further proceedings under

section 1172.6. We express no opinion as to whether the petition should be granted or denied following further proceedings.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under section 1172.6, subdivision (d).